The first case on the docket this morning is Agenda No. 6, No. 127757, People of the State of Illinois v. Robert Libricz, I believe, and Mr. Jeffrey Bruce Kirkham. You may proceed. May it please the Court, Counsel. Good morning, Your Honors. Robert Libricz was convicted and imprisoned under a fatally defective indictment that charged offenses that were not in effect at all times during the alleged time period. Illinois courts have recognized that an indictment that charges an offense that was not in effect at the time the offense was alleged to have occurred is fatally defective. And any convictions that result from a fatally defective indictment must be vacated. In this case, the Second District departed from these precedents and affirmed Mr. Libricz's convictions for predatory criminal sexual assault. This Court should find that Counts 6 and 8 of the indictment are fatally defective and vacate Mr. Libricz's convictions on those charges. These counts in question each alleged a discrete instance of sexual misconduct that occurred sometime during an alleged two-year period. But the offense of predatory criminal sexual assault did not take effect until May of 1996 and therefore did not exist for the first 14 months of that two-year period that was charged in Counts 6 and 8 of the indictment. Illinois courts, including this Court, who considered the effect of a charging instrument where the statute creating a new offense was not in effect during the time period when the alleged offense occurred. And in those cases, in this Court in People v. Tellez, Valencia, the Fourth District in People v. Wasson, the reviewing courts recognized these charging instruments were fatally defective and the resulting convictions had to be vacated. Counsel, does it matter that we had a prior offense, aggravated criminal sexual assault, prior to the change to the predatory criminal sexual assault? Does that matter at all? It does matter. It's certainly a factor that this Court is going to have to wrestle with in this case because the defendant acknowledges that the offense did exist under a different name and under a different statutory section of the criminal code. But when the offense of aggravated criminal sexual assault, it stopped when the new offense of predatory criminal sexual assault took effect. They're discrete. They were never in effect at the same time. They did have the same elements of the offense, though. But we can't consider that even though the indictment charged those elements of the prior offense, that he was informed of the nature and cause of the charge against him where, for a substantial period of time, the offense was not in effect. The defining factor of the defect here is that it fails to state an offense that was in effect at all times of the alleged charge. The fact that the elements were pleaded of both offenses does not cure the fatal substantive defect of the indictment here. And what about the fact that this is being raised for the first time on appeal? How does that inform our analysis? Our position is that the indictment was fatally defective, and it doesn't matter that it was raised for the first time on appeal. The fatal defect is not cured by the fact that it was not raised in the trial court. When an indictment fails to state an offense that's under a statute that's in effect at the time it's alleged to have occurred, that's fatally defective from the start. And that leads to this court's decision in Tellez, Valencia. In that case, it was also a predatory criminal sexual assault case where the statute was found unconstitutional, and the defendants were convicted prior to the reinstatement or the reenactment of the new effective date of predatory sex assault. And the state argued in that case of this court that because the same elements were in effect under the offense of aggravated criminal sexual assault, we can amend the charge on appeal and enter convictions for the prior offense. Is it my understanding that in the charging instrument during the relevant period of time, the name of the offense may have been different for a few months. Is that correct? Well, it's not just merely a labeling question. It's a question of whether or not offenses are in effect and can form the basis for prosecution of criminal defenses. We don't allow prosecution of defendants for charges that are not in effect. That's fundamental due process rights of the defendant to be charged. Where is the prejudice in this case? The prejudice is the substantial risk of being charged, tried, convicted, and imprisoned of an offense that doesn't exist. Mr. Kirkman, what – I have to ask this question. Did defense counsel – was he aware or she aware that there had been a change in the law prior to the trial? The record – yes, Your Honor. The record includes the defendant's motion for bill of particulars. And the hearing on that, they discussed that this indictment, which was multiple counts beyond counts six and eight, was just a mess, that the law had changed in there. The defendant sought to – defense counsel sought to remedy that by asking the state to more precisely define the dates of the offenses to determine under what charge they were brought. He did not move to dismiss the indictment, but he did seek to clarify what he was being charged with. Counsel, because they were aware of the change in the law, didn't that permit the defense counsel to prepare a defense? It's inherently prejudicial to have to prepare a defense for an offense that doesn't exist. You know, the likelihood of – in this case, for 14 months of the two-year period, the offense didn't exist. You know, you can prepare for – defend against elements of an offense that exists, but not for an offense that doesn't exist. And that leads us right back to Tellus Valencia. Well, Tellus Valencia is different because Tellus Valencia, the statute wasn't in effect the entire time because it was quite ab initio. Yes. This case is more like Wasson, where it's in effect for part of the time. Right. Now, the defense attorney knew that we had this statutory issue and didn't ask for instruction as in Wasson. If the instruction had been given in Wasson, I mean, the indictment would not have been defective. It would have still been defective, and the defendant would have had a good argument on that. I would contend that my reading of Wasson is that the fundamental defect in the charging instrument required reversal without regard to that. If the instruction had been given and the jury found that the offenses were committed during the time when the statute was in effect, the case would still be thrown out because the indictment was in effect. That is my reading of Wasson, yes. You know, Wasson kind of has it both ways, where they initially say this is a defective indictment that requires dismissal. The entire charging instrument is defective, and the conviction must be vacated. Then they go on to discuss prejudice after they've already said that it's fatally defective. You know, on appeal, they did argue the improper denial of the jury instruction regarding the date. You don't have to talk about prejudice, though. I mean, it's a done deal. There is no issue of prejudice. This is per se defective. This is defective, so it's per se prejudice. That is our position, yes. You don't even get to the, I call it the De Lorenzo standard, the appeals efficiency standard, whatever you want to call it. You don't even have to get to that prejudice analysis for being raised on appeal rather than in the trial court because the substantive fatal defect requires dismissal. And that's based on the due process rights, our fundamental system of justice in the United States and in the state of Illinois that we don't permit people to be charged, tried, convicted. Let me just ask, I understand where you're going with this, but let me just ask you one question, one last question. What if the defendant was charged with acts beginning May 28, 1996, and the statute took effect on May 29, 1996? So the defendant was charged one day before the statute took effect, and then acts that occurred over a period of two years or allegedly occurred over two years. Still defective per se throughout the indictment, and throughout the indictment being challenged on appeal? Yes. Okay. Yes. If the offense charge is not in effect at all times during the alleged time period, it's a substantial defect. Even if the attorney knew about it? Even if the attorney knew about it, yes. So that makes the whole thing defective? Those counts, there were a lot of counts in the indictment. We're talking about counts 6 and 8, which were defective because of the 14-month period in which there was no offense of predatory criminal assault that was charged. So you're saying the convictions are void? I'm saying they must be vacated, yes. Pardon? Yes. And let me clarify or talk a little bit about what exactly we're asking of this Court, not asking of this Court. We're not asking to do away or discard the appeal sufficiency test. There's an entire body of law in, like, Quadrato and DiLorenzo that deal with misstatement, mispleading, or omission of elements of an offense. Okay. When those were raised on the first time on appeal, you can understand why the body of law has evolved that you look to determine whether the defendant was prejudiced or unable to prepare a defense based on an indictment that doesn't precisely state the elements of the offense. But that's completely separate from what we have here. We have a different class of substantial defect in the indictment. Here we have a failure to state a charge. You know, to ensure a defendant's due process rights, you know, those are expressed and codified in 725 ILCS 111-3 of what a charging instrument must contain. And there are five elements. And number one is the name of the charge. Number two is the statutory basis for that charge. Then you get to number three, which is the elements of the defense. In this case, Tellus, Valencia, Wasson deal with defects based on those first two requirements of charging instruments. We're asking that because the indictments here did not charge an offense that was in effect for the entire time alleged that that doesn't state the elements of the offense. And it's an insufficient basis. As Wasson found, it's an insufficient basis to proceed with a prosecution of a defendant. Counsel, the Wasson court, they referenced the DiLorenzo test, but then declined to apply it. But this case is so similar to Wasson. So I don't understand why we should follow that. I mean, you're saying the DiLorenzo test doesn't apply in these circumstances. Correct. Correct. And that's why Wasson is a little difficult to parse, because they at first say that the charging instrument is fatally and substantially defective. And the conviction in that case had to be vacated. But then they go on to talk about the appeals sufficiency test and whether or not there was prejudice. And notably in that case, they said, you know, it's inherently prejudicial to be forced to prepare for charges that aren't in effect, that don't exist, that when you're charged with an offense not in existence, that's inherently prejudicial. If you say that the substantive defect in and of itself requires reversal, you end up at the same place as the Wasson court did by moving to prejudice and saying it's inherently prejudicial. It leads you right back to where you started. It's inherently prejudicial either way, whether you say it up front must be vacated because of their defect or move on to a prejudice analysis and find it to be inherently prejudicial. But your position is we don't even need to discuss the DiLorenzo test. That's correct. The substantive defect of failure to state an offense is fatally defective in and of itself. You know, in a contrary ruling, it goes against all the due process history of the criminal justice system in this country. You know, our whole system is premised on the legislature defining offenses and prescribing conduct. And then the executive prosecutes those prohibited acts. And to say that it's okay to proceed with prosecutions and convict people and imprison them on offenses that the legislature did not have an effect at the time they were committed goes against every due process facet that we have. You know, we simply can't allow a prosecution of offenses that weren't in effect. And that's what we have here. There's a substantial likelihood that Mr. Liebrecht is imprisoned on an offense that didn't exist. And, you know, it implicates the integrity of the system. It implicates fundamental due process rights of criminal defendants. This is the process we have. And it got off track here. And this court can fix that and can remedy that. So if we were to find that the trial court could legitimately have found that the offense took place during the time that the relevant statute was in effect, that makes no difference? No. There's language in Lawson, I believe, that says that it's an insufficient basis to prosecute. You know, you don't even get to that point. It's defective up front, and it doesn't even provide an adequate basis or legitimate basis for the executive to prosecute. Aren't there other avenues, though, avenues such as ineffective assistance of counsel or sufficiency of the evidence? I mean, you're not arguing either of those things. We do not raise either of those issues, but they take you to the same place. You know, ineffective assistance of counsel, deficient performance, prejudice, and we have that prejudice here by failure to state an offense. You know, we certainly – those are – yes, there are other avenues. You know, Mr. Liebrecht still has his post-conviction proceedings. He can file an initial petition and raise those claims and so forth, but it would be much more efficient, and we end up in the same place by this court vacating these convictions at this time. What should the state have done here? How could they have gotten this right? Well, that's an interesting question and a good question, I believe. You know, the state is responsible for bringing the charges and bringing the charges correctly in compliance with Section 111-3. You know, we talked about the motion for bill of particulars here in which defendants said laws change. This is just a confusing jumble, a mess. So the state also was put on notice of the defective charges here, and the state chose to proceed on its defective charges. And there's an inference that they knew even before that when they brought these charges because they had the counts that were dismissed on the day of trial that were the mirror image, that charged the aggravated criminal sexual assault with the same elements as we discussed earlier. The state chose to present and proceed on defective indictments. You know, Wasson was clear. It included a paragraph that said here's the better practice. Here's what you do. You charge the old offense up to the last date it's in effect. You charge the new offense from the first date it's in effect forward. That way you're covered. The state chose not to do it here. Instead, it had four counts of an indictment for two offenses that were fatally defective and crossed over. You know, that's fundamentally unfair to dump that on or dump on is not the proper term. But to go to a grand jury and get those indictments and return them against a defendant and force them to defend against those is just fundamentally prejudicial. If there are no further questions, I would ask this Court to find that the counts of the indictment are fatally defective and vacate Mr. Liebrich's two convictions for predatory criminal sexual assault. Thank you, Your Honors. Ms. O'Connell. May it please the Court. Counsel, I'm Assistant Attorney General. Could you speak up, please? I'm Assistant Attorney General Erin O'Connell on behalf of the people of the State of Illinois. This Court should affirm the appellate court's judgment because the appellate court correctly noted that defendant has raised his challenge to the indictment for the first time on appeal, and he has failed to show any prejudice. This has become a little bit clearer, I think, today that defendant is actually asking this Court to do something completely unprecedented, which is to carve out the first explicit exception to its long line of cases, holding that where an indictment is challenged for the first time on appeal, there must be a showing of prejudice. He's cited no case in which this Court has ever adopted any exception to that rule. I think to rule in his favor today, the Court, in writing its opinion, would need to explain the departure from this rule, and it would need to identify the category of cases to which this exception applies. And as I understand his claim, the category of cases would be simply any time the name of an offense has changed over the period alleged or the statutory citation, but that would apply even where, as here, the elements of the offenses have stayed the same. The conduct was criminalized throughout the period alleged in the indictment, and he's identified no change in applicable penalties or any other change of any consequence. It's just a matter, at this point, of the name and the statutory citation. He does cite the Wasson case, and I just wanted to bring this Court's attention to a critical distinction in Wasson. Wasson did, I think, have a sort of unreasoned exception to this Court's doctrine that it didn't explain on the prejudice point. However, that case actually did involve a statute in which there had been a substantive change. So even though Wasson itself isn't completely explicit on this point, there is a dissent in the Tellers-Valencia case that explains that the elements of the offense had actually changed over the period of the indictment. So there was a change in the element that pertains to the age of the victim, and there was also a change in the statutory language in terms of the type of conduct that was prohibited. That's a completely different situation where he was potentially going to be convicted of conduct based on elements that were not properly in effect at the time his conduct actually occurred. That's not the case here. There's been no change in any respect. The elements are entirely the same and the punishments. So Wasson, even though it did have an unexplained departure from this Court's case law, which this Court should reject as contrary to his case law, was actually distinguishable on that key point as well. I would also stress that this Court, for good reason, has always placed the burden on the defendant to raise this type of challenge before trial. The record is clear that defendant did know before trial that there were potential changes in the state of the law within each charge, and this was clear at the hearing on the bill of particulars. Defendant stated the purpose of the bill of particulars was to narrow the date of the offenses for purposes of preparing the defenses, but he also noted that there were  specific at that time, and at that time he didn't raise this specific change. The Court denied the bill of particulars, but left the door open to defendant saying, in particular, if there's a statute of limitations issue, you can raise that. The Court also, I think, left open the door at that point. If there had been a substantive change in the elements of the offense and defendant located that significant change in the law, he had an avenue to move to dismiss the charges on that basis. He didn't, after that point, make that sort of challenge. Also, I would note that when this Court's evaluating the notice that was provided to the defendant and whether he did suffer prejudice, the Court has to look at the entire indictment. So there actually were four charges here, two charges with respect to each act, and they notified defendant that the name and the statutory citation did differ. So over this period of 95 to 97, one charge for each of those was aggravated criminal sexual assault. A second charge for the exact same act was predatory criminal sexual assault. So he was clearly on notice of that change just through the fact of the indictment placing both of those names and citations in front of him. And up until the day of trial when the State dismissed what I believe it viewed as duplicative charges at that point, he was fully on notice as to what he was charged with and what laws were being applied to him. So I would just urge this Court to adhere to its long line of precedence, find that a defendant needs to raise this type of challenge. These charges were filed in 2015. We're arguing about whether they were precluded by a 1999 case of this Court or a 1988 Illinois appellate court decision. Those are clearly the types of arguments that defendant had available and could have raised at the time. And here there was absolutely no prejudice because the elements were the same throughout the period alleged in the indictment. The appellate court relied at least in part on the fact this was a bench trial and it presumed that the judge knew the law. Does the record actually refute that in some respects? That is generally a fair assumption. I we didn't actually press that argument here because I do think with respect to the first of the two charges, the testimony was fairly clear that it was on the earlier side. So the victim testified that she was around 11. It was the point was that this issue was not really before the Court at any point that defendant didn't raise. There's a bright line at May 29th, 1996, and the Court should look at that line and must determine on which side it falls. So it's generally a fair assumption that the Court will know the law, but I do think it's fair to the circuit court just to note that this was just not an issue that was before it at the time. And it was also not an issue that was fully explored in the testimony. Had defendant raised this type of objection, it could have potentially been more precise as to what the date was of the offenses. So even though it was a bench trial, that issue was not really litigated. And that is another important distinction with Wasson because the jury instruction conference is another opportunity to sort of litigate this issue and bring it before the Court and, you know, make it part of the record. Here, there was just no discussion at any point until the appeal that this was a critical date, this May 29th, 1996. And at this point, because it was never presented to the trial court, the Court does have to find that there was some prejudice in the preparation of his defense. I don't really understand defendants arguing that there was any prejudice. He seems to be adopting or requesting that this Court adopt a new rule of per se prejudice which is just not supported by this Court's case law, or even the Wasson case on which he sort of centers his claim. So if the Court has no further questions, we would ask this Court to reaffirm its case law on this point and affirm the judgment of the appellate court. I do have another question. So in DiLorenzo, would you agree that we seem to have recognized that this is a case where the defendant has a right to appeal, we determine that you go through the DiLorenzo test? Absolutely. And the Court's test, I think, addresses the due process aspect of the charges have to provide notice to the defendant of what he needs to defend against that trial. So that's incorporated within this Court's requirement that there be a showing of prejudice because that would enforce the due process right that's potentially at stake where the charges don't fully set forth the nature of the offense. So where do you stand on this issue of, well, this is a substantive defect versus otherwise? That's not something that you think we need to get into. We just need to apply the DiLorenzo test. I think this Court's never recognized a distinction between, say, substantive and formal charges. And so I think it's really the critical point in these cases is whether it was raised in the trial court. And if it was not, then the Court applies essentially a more liberal standard to the indictment and only assesses for this due process question of was there sufficient notice. And we would, therefore, ask this Court to affirm the appellate court's judgment. Thank you, Ms. O'Connell. Mr. Kirkland? Thank you, Your Honors. Just a couple of brief points. The State characterizes this as a labeling problem. This is much deeper than a labeling problem. This is a defendant being convicted and imprisoned of an offense that wasn't in effect. The State talks about how the victim testified she was 11, which puts it on the aggravated criminal sexual assault side of the timeline here. We have a defendant who is highly likely, very likely convicted of an offense that was not in effect at the time the trial evidence showed that it was committed. There can't be a bigger due process violation than that. To be convicted of an offense that was not in effect at the time it occurred. It's not just labeling. This Court in Tellez, Valencia, considered a very similar argument that, well, the same elements were on offense. It was criminalized behavior at the time. It was just mislabeled. Let's change the name of the offense in the statutory citation and all move along. In this Court, five justices said, no, we don't do that. This can't stand. And this Court should make that same call in this case. I know you're saying we don't apply DiLorenzo, but if we were to apply that, you would agree that you can see that the second part of that is not an issue here. I mean, clearly he cannot be charged again for those offenses that took place during that entire time period in the indictment, correct? I'm sorry. I want to make sure I completely understand your question. I'm just wondering if you agree with the fact that the second part of DiLorenzo test is not an issue here. No. These would be dismissed without prejudice, if that is your question. No, I just want to, as we're analyzing these DiLorenzo factors, should we get to that point, I just want to make sure we're really only focusing on the first factor, prejudice, in preparing a defense. That is all we have argued in this case. And, of course, the appellate court said he had all the information he needed to prepare a defense, part of that defense being that these offenses could only be convicted during this period, in the middle of the indictment, toward the end of the indictment, correct? Yeah. We don't know the exact dates or the exact knowledge of what the defense counsel had, but he was addressing the entire indictment. I know the second district addressed and quoted from a lot of the hearing on the motion for bill of particulars concerning count three, which ultimately was a not guilty finding. We don't know what he knew about the instant counts of the indictment that were challenging at this point. If there are no further questions, I would ask this Court to reverse the convictions for predatory criminal sexual assault. Thank you very much, Your Honors. Thank you, Mr. Kirkman. Case number 127757, people of the state of California, and the state of Colorado, will be taken under advisement as agenda number six. Thank you, Mr. Kirkman, for your argument this morning, and Ms. O'Connell for you as well.